IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONNIE KEITH,                     )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        1:14CV97
                                  )
MIDLAND CREDIT MANAGEMENT,        )
                                  )
            Defendant.            )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2).  A complaint falls short under this standard when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,"
(continued...)

## DISCUSSION

This case began with Plaintiff's filing of a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint describes itself as an "ORIGINAL COMPLAINT FOR VIOLATION OF THE FCRA." (Docket Entry 2 at 1; see also id. at 3-4 (setting forth sole cause of action under the Fair Credit Reporting Act ("FCRA")).) Under the heading "GENERAL ALLEGATIONS," the Complaint alleges as follows:

> 7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.
>
> 8. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities he did not recognize and without his consent.
>
> 9. Plaintiff found after examination of his Trans Union[,] Equifax, and Experian consumer credit report that Defendant MIDLAND CREDIT MANAGEMENT[ ]had obtained

---

[1](...continued)
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

> Plaintiffs [sic] Trans Union consumer credit report in 10/2010.
>
> 10. [Defendant] stands liable for the actions they [sic] have performed in [P]laintiff's reports.
>
> 11. Discovery of violations brought forth herein occurred in 12/2013 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

(Id. at 2.)[2]

Within its "REQUEST FOR RELIEF" section, the Complaint identifies (incompletely, see 15 U.S.C. § 1681b(a)(3)) the permissible purposes for obtaining a consumer's credit report as "if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry." (Docket Entry 2 at 3.) It then states:

> 18. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from SST/SYNOVUS.
>
> 19. At no time did Plaintiff give his consent for [Defendant] to acquire his consumer credit report from any credit reporting agency.
>
> 20. In 10/2010 [Defendant] obtained the Trans Union consumer credit report of [] Plaintiff with no

---

[2] Plaintiff has filed a number of nearly identical complaints. See Keith v. Asset Mgmt. Prof'ls, LLC, No. 1:14CV94 (Docket Entry 2); Keith v. SST/Synovus, No. 1:14CV95 (Docket Entry 2); Keith v. AWA Corp, No. 1:14CV96 (Docket Entry 2); Keith v. The Bureaus Inc, No. 1:14CV98 (Docket Entry 2); Keith v. Parson Bishop Collection, No. 1:14CV99 (Docket Entry 2); Keith v. Asset Mgmt. Prof'ls, LLC, No. 1:14CV100 (Docket Entry 2); Keith v. American Educ. Servs., No. 1:14CV101 (Docket Entry 2).

-4-

permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

(Id.)[3]

In an attempt to determine, inter alia, if Plaintiff could provide factual matter sufficient to support an inference that Defendant did not have a "permissible purpose" for obtaining Plaintiff's credit report under the FCRA, the undersigned Magistrate Judge set this case for a hearing on Plaintiff's instant IFP Application. (See Docket Entry 4.) At said hearing, the Court ordered Plaintiff to file an amended complaint by March 17, 2014, detailing the facts surrounding his allegations and the specific damages he suffered. (See Docket Entry dated Feb. 24, 2014.) To date, Plaintiff has made no such filing. (See Docket Entries dated Feb. 24, 2014, to present.) Under these circumstances, the Court should dismiss this case under Section 1915(e)(2)(B) for failure to state a claim. See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient).

Plaintiff's Complaint purports to assert a claim under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a permissible purpose. (See Docket Entry 2 at 2-4.)

---

[3] As previously mentioned, Plaintiff has filed a number of nearly identical complaints, including one in which SST/Synovus is the named Defendant. See Keith v. SST/Synovus, No. 1:14CV95 (Docket Entry 2). Presumably, paragraph 18 above lists that entity in error and intends to reference Defendant Midland Credit Management.

As factual matter supporting that assertion, the Complaint alleges (as quoted above) that Plaintiff had no direct business dealings with Defendant.  (Id. at 3.)  Such an allegation does not provide a basis for concluding that Defendant lacked a permissible purpose in obtaining Plaintiff's credit report.  To the contrary, the FCRA specifically describes as a permissible purpose the act of obtaining a credit report "to use the information <u>in connection with a credit transaction involving the consumer</u> on whom the information is to be furnished and involving the extension of credit to, <u>or review or collection of an account of, the consumer</u>; <u>or</u> . . . [because of] a legitimate business need for the information – (i) in connection with <u>a business transaction that is initiated by the consumer</u>; <u>or</u> (ii) <u>to review an account to determine whether the consumer continues to meet the terms of the account</u>."  15 U.S.C. § 1681b(a)(3) (emphasis added) (setting forth grounds under which consumer reporting agency may release consumer reports); <u>see also</u> 15 U.S.C. § 1681b(f) (prohibiting obtaining of consumer reports except "for a purpose for which the consumer report is authorized to be furnished under this section").  Plaintiff's factual allegations do not indicate that Defendant lacked any of the emphasized permissible purposes for obtaining Plaintiff's credit report.

In other words, the fact that Plaintiff allegedly has not had any direct dealings with Defendant fails to support an inference

-6-

that Defendant did not obtain Plaintiff's credit report in connection with a credit or other business transaction involving Plaintiff and a third party who contracted with Defendant and/or in connection with the review or collection on behalf of a third party of an account Plaintiff had with that third party. The Complaint also lacks any indication that Plaintiff ever contacted Defendant to ask why Defendant obtained Plaintiff's credit report. (See Docket Entry 2 at 1-4.) Moreover, Plaintiff's IFP Application acknowledges several service, credit, and insurance accounts (see Docket Entry 1 at 3), as to which collection or other activity could occur so as to give rise to permissible grounds to obtain his credit report, see 15 U.S.C. § 1681b (a)(3)(A), (C), (E), and (F). Finally, the Complaint fails to allege any factual matter indicating that Defendant acted wilfully or that Plaintiff suffered actual damages. (See Docket Entry 2 at 1-4.)

In several recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims. See, e.g., Golden v. NCO Fin. Sys., No. 1:12CV1097, 2013 WL 4519774 (M.D.N.C. Aug. 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013) (Schroeder, J.); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377

(M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.); accord Boston v. Client Servs. of Mo., Inc., No. 3:13CV184, 2013 WL 5925902, at *3 (W.D.N.C. Nov. 1, 2013) (unpublished).  The same result should occur here.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                             /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                   **United States Magistrate Judge**
April 7, 2014